**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4880**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

       v.

JAMES BRYANT,

             Defendant - Appellant.



Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:12-cr-00164-RBH-1)


Submitted:  May 7, 2013                 Decided:  May 23, 2013


Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.


Affirmed by unpublished per curiam opinion.


James P. Rogers, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Arthur Bradley Parham, Assistant
United States Attorney, Florence, South Carolina, for Appellee.


Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Bryant pleaded guilty pursuant to a plea agreement to forcibly assaulting a federal correctional officer, in violation of 18 U.S.C. § 111(a)(1) (2006). The district court sentenced Bryant to thirty-seven months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues for appeal, but questioning the district court's compliance with Federal Rule of Criminal Procedure 11 and the reasonableness of the sentence. Bryant was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a responsive brief. Following a careful review of the record, we affirm.

Because Bryant did not move in the district court to withdraw his guilty plea, we review the Fed. R. Crim. P. 11 proceedings for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). To prevail under this standard, Bryant must establish that an error occurred, was plain, and affected his substantial rights. United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009). Our review of the record establishes that the district court fully complied with the requirements of Rule 11 and ensured that Bryant's plea was knowing and voluntary.

We review Bryant's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id.; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances." Gall, 552 U.S. at 51; Lynn, 592 F.3d at 575. If the sentence is within the appropriate Guidelines range, we presume that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Such a presumption is rebutted only if the defendant demonstrates "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

We conclude that the district court committed neither procedural nor substantive error in sentencing. The court fully

3

evaluated and resolved Bryant's objection to the presentence report. Upon resolution of the objection, the court accurately calculated and considered as advisory Bryant's Guidelines range. The court then heard argument from counsel for a downward variance, and Bryant allocuted. The district court considered the 18 U.S.C. § 3553(a) (2006) factors and explained that the within-Guidelines sentence was warranted in light of the seriousness of the offense. Counsel does not offer any grounds to rebut the presumption on appeal that Bryant's within-Guidelines sentence is substantively reasonable, and our review reveals none. Accordingly, we conclude that the district court did not abuse its discretion in sentencing Bryant.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Bryant's conviction and sentence. This court requires that counsel inform Bryant, in writing, of the right to petition the Supreme Court of the United States for further review. If Bryant requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bryant.

<u>AFFIRMED</u>